IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

YVONNE RAE CULPEPPER,

      Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

Case No. 6:15-cv-00308-AA
OPINION AND ORDER

Alan Stuart Graf
208 Pine Street
Floyd, VA 24091
    Attorney for plaintiff

Billy J. Williams
United States Attorney
Janice E. Hebert
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Heather L. Griffith
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S/ 221A
Seattle, Washington 98104
    Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act) to obtain judicial review of a final decision of the Commissioner denying plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) disability benefits. For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On June 2, 2011, plaintiff protectively filed applications for DIB and SSI, alleging disability since October 2004. Tr. 15. The applications were denied initially and upon reconsideration. On June 13, 2013, plaintiff and a vocational expert (VE) testified at a hearing before an Administrative Law Judge (ALJ). Tr. 33-65. On August 2, 2013, the ALJ issued a decision finding plaintiff not disabled. Tr. 12-31. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-5. Plaintiff now seeks judicial review.

Born in 1963, plaintiff was forty years old as of her alleged onset of disability. Tr. 25. Plaintiff completed high school and has past relevant work experience as a cleaner and janitor. Tr. 25. Plaintiff alleges disability since October 2004 due to various physical and mental impairments. Tr. 15, 21.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations

2 - OPINION AND ORDER

omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

## COMMISSIONER'S DECISION

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520.

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset of her disability. Tr. 17; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff had a "medically severe impairment or combination of impairments" of post traumatic stress disorder, attention deficit/hyperactivity disorder, social phobia, dysthymia, fibromyalgia, lumbar and cervical degenerative disc disease, and bilateral shoulder impingement syndrome. Tr. 17. However, the ALJ found that these impairments did not meet or equal a listed impairment. Tr. 19; 20 C.F.R. §§ 404.1520(c),(d), 416.920(c),(d).

The ALJ then assessed plaintiff's residual functional capacity (RFC) and found that she was able to perform light work provided she can change positions if needed every 30-45 minutes. The ALJ further found:

3 - OPINION AND ORDER

> She can occasionally push, pull and reach overhead bilaterally. The claimant can occasionally climb ramps and stairs, balance, kneel, crouch and crawl. She can never climb ladders, ropes, or scaffolds or stoop. She can understand, remember and carry out only simple instructions that can be learned in 30 days or less. The claimant can have occasional public contact and no work directly with the public and occasional coworker interaction but cannot perform any cooperative group activities. She should not be required to travel as part of work duties. The claimant is to have no exposure to hazards such as unprotected heights or dangerous machinery. All work is to be done at desk or bench level in front of the claimant with only occasional need to rotate the head to left or right.

Tr. 20. At step four, the ALJ found plaintiff could not perform her past relevant work as a cleaner or janitor. Tr. 25; 20 C.F.R. §§ 404.1520(e),(f), 416.920(e),(f).

The ALJ proceeded to step five, where the burden shifts to the Commissioner to show that a claimant is capable of performing other work existing in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g). Relying on the testimony of the vocational expert (VE), the ALJ found that plaintiff could perform other work as a folder, assembler, and sorter. Tr. 26. Accordingly, the ALJ found plaintiff not disabled under the Act.

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to consider notes of a treating physician, disregarding limitations found by an examining physician, and providing an erroneous hypothetical to the VE.

A.  <u>Evaluation of Medical Evidence</u>

Plaintiff argues that the ALJ erred by failing to consider the treatment notes of a treating physician and by failing to include limitations assessed by an examining physician.

The medical record includes treatment notes of Dr. Patin, a treating physician. In particular, plaintiff highlights treatment records of June 2011 that indicate plaintiff has "ongoing pain" and "poor sleep," "becomes easily agitated talking about driving and riding in a car," and is "moderately disabled from anxiety and inability to leave the house." Tr. 284, 286. Plaintiff

4 - OPINION AND ORDER

argues that the ALJ erred by failing to mention or discuss these treatment notes, citing *Marsh v. Colvin*, 792 F.3d 1170 (9th Cir. 2015).

In *Marsh*, the Ninth Circuit found error when the ALJ failed to discuss a treating physician and his notes, holding that "an ALJ cannot in [a] decision totally ignore a treating doctor and his or her notes, without even mentioning them." *Id.* at 1172-73. Here, the ALJ did not ignore Dr. Patin or her notes; rather, the ALJ found treatment records reflected that plaintiff told Dr. Patin that counseling sessions helped her depression, and that Dr. Patin observed plaintiff to have an elevated mood and "bright affect" on several occasions. Tr. 22-23. Granted, the ALJ did not discuss the specific treatment notes mentioned by plaintiff. As the Commissioner contends, however, Dr. Patin's treatment notes appear to echo plaintiff's complaints rather than reflect any findings of Dr. Patin. While Dr. Patin discussed plaintiff's symptoms and reports, she did not identify functional limitations or render the opinion that plaintiff had limitations precluding employment. Therefore, I find no reversible error.

Plaintiff also argues that the ALJ failed to include a limitation found by an examining physician. In August 2011, plaintiff was examined by Dr. Raymond Nolan. Dr. Nolan noted positive fibromyalgia tender points, chronic low back and neck pain, and shoulder impingement syndrome. Tr. 271-72. Dr. Nolan opined that plaintiff should avoid repetitive bending, twisting and turning of the neck and low back, and should limit lifting and carrying. Tr. 272. Dr. Nolan further found that plaintiff should "minimize" pushing and pulling with her upper extremities and limit overhead extension with her arms. Tr. 272. Plaintiff contends that the ALJ failed to recognize Dr. Nolan's comment that "people with fibromyalgia door poorly with no with strenuous high impact repetitive activities. They do better with low impact and non-repetitive activities. Any job description should be tailored to that requirement." Tr. 272. Plaintiff argues

5 - OPINION AND ORDER

that the ALJ's RFC assessment failed to include a limitation on repetitive activities, and that the identified jobs of folder, sorter, and assembler all require repetitive work.

The ALJ specifically noted Dr. Nolan's limitations and limited plaintiff to light work "with occasional performance of postural activities....The limitations accommodate the claimant's spinal pain and fibromyalgia complaints by limiting the need to hold one position and limiting repetitive movements required by postural activities." Tr. 25. I find that the ALJ reasonably interpreted Dr. Nolan's assessment and translated his opinion into functional workplace limitations. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2004). Therefore, I find no error.

B.   <u>Erroneous RFC Hypothetical</u>

Plaintiff also argues that the ALJ erred by providing an erroneous hypothetical to the VE. The ALJ provided the VE with a hypothetical claimant who could understand, remember and carry out "at least" simple instructions, rather than one who could understand, remember and carry out "only" simple instructions as indicated in the RFC assessment. *Compare* Tr. 61 *with* Tr. 20. Plaintiff argues that the VE's response could include jobs with more complex instructions, given that the hypothetical claimant could understand "at least" simple instructions. As support for this argument, plaintiff notes that all of the jobs identified have a Reasoning Development Level of 2. However, as this Court has held previously, there is no conflict between simple, routine instructions and Level 2 reasoning. *Trujillo v. Colvin*, 2014 WL 2213218, at *4 (D. Or. May 27, 2014) ("There appears to be consensus, including in an unpublished opinion by the Ninth Circuit, that a restriction to simple, repetitive tasks is not inconsistent with a job requiring Reasoning Level 2.") (citing cases).

Plaintiff also argues that the ALJ relied on jobs that include frequent reaching when plaintiff is limited to occasional bi-lateral overhead reaching. However, the Dictionary of Occupational Titles descriptions do not indicate that any of the identified jobs require more than occasional overhead reaching. *See* DOT 369.687-018, 361.687-014, 706.684-022. Moreover, in response to the ALJ's hypothetical, the VE testified that a claimant with plaintiff's RFC could perform these jobs. Therefore, I find no error.

## CONCLUSION

The ALJ's decision that plaintiff is not disabled under the Act is supported by substantial evidence in the record. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

Dated this 19th day of July, 2016.

Ann Aiken
United States District Judge

7 - OPINION AND ORDER